```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

United States of America,     :

    Plaintiff,           :

  v.                         :     Case No. 2:11-mj-0749

Thouy Syvilaylack,            :     Magistrate Judge Kemp

    Defendant.           :

<u>DETENTION ORDER</u>

The defendant, Thouy Syvilaylack, accompanied by counsel, appeared for a detention hearing on September 29, 2011. After the hearing, the Court decided that the defendant should be detained pending further proceedings. This order explains why.

On September 26, 2011, defendant was charged in a criminal complaint with possession with intent to distribute a controlled substance (approximately seven ounces of cocaine) and possession of a firearm in furtherance of a drug trafficking offense. He waived a preliminary hearing. Based on that waiver (as well as testimony presented at the detention hearing), the Court is entitled to conclude that probable cause exists to believe he committed these offenses. That gives rise to a presumption of detention, explained as follows.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the

> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (21 U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden. Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that

many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The United States called one witness at the hearing, DEA agent Matthew Heufelder, who testified that the defendant has been the subject of an ongoing investigation, having first come to the DEA's attention in 2006.  In 2009, he was found in possession of narcotics and firearms, and efforts were made to resolve federal charges arising out of that incident, although they have not yet borne fruit.  More recently, on September 26, 2011, he was found in a hotel room and in possession of cocaine and two loaded firearms, one of which was loaded with armor-

-3-

piercing bullets.

According to the Pretrial Services report, the defendant has lived in the Columbus area for a number of years, although he did live in the State of Washington until 2000.  He has been living with a girlfriend since May and before that lived on and off with a cousin.  He has been fairly steadily employed.  He has a history of abusing various substances, including alcohol, and has been treated for substance abuse in the past.  His adult and juvenile criminal record is extensive, and includes convictions for assault, robbery, and possession of drugs.  There are active warrants for him from the State of Illinois and he has been the subject of many bench warrants as well as probation revocation proceedings.  The Pretrial Services office has recommended that he be detained.

Here, in addition to the presumption in favor of detention, the Court notes that the evidence against the defendant is strong and that defendant is facing significant prison time if convicted.  He has a history of both substance abuse and drug-related convictions.  His record of failures to appear, probation violations, and the presence of active warrants is particularly troubling, as is the fact that he has apparently continued to possess distribution quantities of cocaine and dangerous, loaded weapons while attempting to resolve potential federal charges arising out of similar behavior in the past.  The few positive factors in the record - his work history and the availability of place to reside if released - do not outweigh the negative factors or overcome the presumption in favor of detention.  Therefore, the Court ordered him detained pending further proceedings.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge